**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

TANNEN CAMPBELL,                                  Case No.:  0:17-cv-60327-WPD

     Plaintiff,

vs.

MAGIC LEAP, INC.,

     Defendant.

_____/

**DEFENDANT MAGIC LEAP, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, MAGIC LEAP, INC. ("Defendant"), by and through its undersigned counsel,

hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff TANNEN

CAMPBELL ("Plaintiff"), and Defendant states as follow:

1.     In response to the unnumbered sentence preceding Paragraph 1 of Plaintiff's

Complaint, Defendant acknowledges that Plaintiff sues Defendant, but Defendant denies the

allegations insofar as Plaintiff alleges or implies that she is entitled to damages or any other relief or

that Plaintiff has a valid claim, and, accordingly, Defendant denies any such allegation stated or

implied in the unnumbered sentence preceding Paragraph 1 of Plaintiff's Complaint.

2.     In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that it is a

startup company employing individuals in various offices, and admits that it is developing a mixed-

reality technology, among other technologies.  Defendant further admits that Plaintiff was hired by

Defendant's former Chief Marketing Officer, Brian Wallace, as Head of Strategic Marketing and

Brand Identity, and that Plaintiff was later promoted by Defendant's Chief Executive Officer, Rony

Abovitz, and Defendant's Senior Vice President and XO, Henk Vlietstra, to Vice President of

Strategic Marketing and Brand Identity.  Defendant terminated Mr. Wallace's employment in

September 2016, and the Defendant hired a new Chief Marketing Officer, Brenda Freeman, a female, on December 5, 2016.   During Ms. Freeman's initial month as Chief Marketing Officer of Defendant, Ms. Freeman conducted an evaluation of the marketing team and upon completion of such review, Ms. Freeman made a determination that Plaintiff's position would be eliminated. Defendant denies that marketing materials shown to the public by Defendant are aspirational or based upon "alternate fact[s]," or that Plaintiff ever raised concerns relating to the marketing materials shown to the public which Plaintiff, and her team, were responsible for creating, reviewing, and publishing such material.  Defendant denies all other allegations stated or implied in Paragraph 1 of Plaintiff's Complaint, including all footnotes to Paragraph 1.

3.      In response to Paragraph 2 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff seeks to plead subject matter jurisdiction, and Defendant does not dispute that the Court has subject matter jurisdiction, but Defendant denies the allegation insofar as Plaintiff alleges or implies that she is entitled to damages or any other relief from Defendant or that Plaintiff has a valid claim against Defendant, and, accordingly, Defendant denies any such allegation stated or implied in Paragraph 2 of Plaintiff's Complaint.

4.      In response to Paragraph 3 of Plaintiff's Complaint, Defendant acknowledges that Plaintiff seeks to plead venue, and Defendant does not dispute that venue is proper, but Defendant denies the allegation insofar as Plaintiff alleges or implies that she is entitled to damages or any other relief from Defendant or that Plaintiff has a valid claim against Defendant, and, accordingly, Defendant denies any such allegation stated or implied in Paragraph 3 of Plaintiff's Complaint.

5.      In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that Plaintiff, like all of Defendant's employees, was protected by Title VII, and Defendant takes that protection seriously.  Defendant denies that Plaintiff suffered any discrimination and denies that Plaintiff ever

opposed anything she reasonably believed to be unlawful under Title VII, and Defendant denies all other allegations stated or implied in Paragraph 4 of the Plaintiff's Complaint.

6.      Defendant admits the allegations of Paragraph 5 of the Plaintiff's Complaint.

7.      Defendant admits the allegations of Paragraph 6 of the Plaintiff's Complaint, but denies all allegations set forth in the charge of discrimination filed with the EEOC.

8.      Defendant denies all allegations stated or implied in Paragraph 7 of Plaintiff's Complaint.

9.      In response to Paragraph 8 of Plaintiff's Complaint, Defendant states that 42 U.S.C. § 2000e-2(a) speaks for itself.

10.     In response to Paragraph 9 of Plaintiff's Complaint, Defendant states that 42 U.S.C. § 2000e-3(a) speaks for itself.

11.     In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff was hired by Defendant in 2015, as Head of Strategic Marketing and Brand Identity by Defendant's former Chief Marketing Officer, Brian Wallace, and Defendant's Chief Executive Officer, Rony Abovitz. Defendant denies all other allegations stated or implied in Paragraph 10 of Plaintiff's Complaint.

12.     In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that Defendant's Chief Executive Officer, Rony Abovitz, spoke with Plaintiff in March 2015 and that Mr. Abovitz told her that he created Magic Leap to be an inclusive workplace, without any "pink/blue problems" that are a historical legacy in other industries and other companies. Defendant denies all other allegations stated or implied in Paragraph 11 of Plaintiff's Complaint.

13.     Defendant denies all allegations stated or implied in Paragraph 12 of Plaintiff's Complaint.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

14.     In response to Paragraph 13 of Plaintiff's Complaint, including all of its subparts, Defendant admits only that Henk Vlietstra is Senior Vice President and XO of Defendant, that Scott Henry is Chief Financial Officer of Defendant, that Eric Akerman is Head of IT of Defendant, that Mark Albert is General Counsel of Defendant, and that Rachna Bhasin is from New Zealand, attended Harvard University, and is Chief Business Officer of Defendant.  Defendant denies all allegations stated or implied in Paragraph 13 of Plaintiff's Complaint, including, without limitation, (i) inflammatory allegations that Defendant's executives or managers are incompetent in their designated roles, sycophants, bullies, or misogynists; (ii) implications that Defendant has no other female executives or managers; and (iii) discriminatory and insulting allegations that Defendant's female executives, managers, and employees were somehow bereft of agency and authority.

15.     Defendant lacks the knowledge necessary to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, in part because the phrase "[a]t all material times" is nowhere defined.

16.     In response to Paragraph 15 of Plaintiff's Complaint, Defendant admits that Plaintiff, along with other employees of Defendant, worked on a multi-slide PowerPoint presentation (the "***Presentation***").  Defendant further admits that the Presentation was reviewed by Defendant's Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, and the information in the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are designed to push forward Defendant's cultural evolution (including, without limitation, the formation of the Women Inclusion Network ("***WIN***") (formerly known as the Female Brain Trust "***FBT***") as more fully described in Paragraph 25 below and the adoption of initiatives by the Defendant intended to create a diverse working environment).

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

17.     Defendant denies the allegations stated or implied in Paragraph 16 of the Plaintiff's Complaint.

18.     In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that the Presentation was reviewed by Defendant's Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, and the information in the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are designed to evolve Defendant's corporate culture and continue to create an inclusive work environment in support of diversity.  Defendant further (i) admits that it is committed to diversity in the workplace; (ii) admits and acknowledges its commitment to maintain gender and other diversity, and to employ women in leadership roles, stems from a belief that a diverse work environment increases productivity and employee satisfaction; and (iii) admits with certainty that companies that make commitments to diversity see a greater return with respect to employee satisfaction in the workplace and employee production.

19.     In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that the Presentation was reviewed by Defendant's Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, and the information in the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are designed to push forward Defendant's cultural evolution and the adoption of initiatives by the Defendant intended to create a diverse working environment.  Defendant further admits that it is committed to (i) equal pay for equal work; (ii) recruiting employees to maintain a diverse workplace including, without limitation, maintaining gender diversity; and (iii) fostering an interest in tech education including, without limitation, among female students.

20.     In response to Paragraph 19 of Plaintiff's Complaint, Defendant admits that the Presentation was reviewed by Defendant's Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, and the information in the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are designed to push forward Defendant's cultural evolution and the adoption of initiatives by the Defendant intended to create a diverse working environment.  Defendant further admits that it independently has been, and continues to be, actively committed to many of the ideas and initiatives Plaintiff fostered in the Presentation.

21.     In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that the Presentation was reviewed by Defendant's Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, and the information in the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are designed to push forward Defendant's cultural evolution and the adoption of initiatives by the Defendant intended to create a diverse working environment. Defendant further admits that it independently has been, and continues to be, actively committed to many of the ideas and initiatives Plaintiff fostered in the Presentation.

22.     In response to Paragraph 21 of Plaintiff's Complaint, Defendant admits that Plaintiff met with Defendant's Chief Executive Officer, Rony Abovitz, and others members of Defendant's executive team to review the Presentation (the "***Initial Meeting***").  Defendant denies that Plaintiff was told she would have to reschedule a second meeting to finish reviewing the Presentation, as the Presentation was reviewed by Mr. Abovitz and other members of Defendant's executive team during the Initial Meeting.  Following review at the Initial Meeting, the Presentation has been, and will continue to be, used by Defendant's executive team to generate actionable items that are

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

designed to push forward Defendant's cultural evolution and the adoption of initiatives by the Defendant intended to create a diverse working environment.  Defendant denies all other allegations stated or implied in Paragraph 21 of the Plaintiff's Complaint.

23.     As the Presentation was approved during the Initial Meeting (as described in Paragraph 22 above), Defendant denies the allegations stated or implied in Paragraph 22 of the Plaintiff's Complaint.

24.     In response to Paragraph 23 of Plaintiff's Complaint, Defendant admits that Plaintiff did not speak with Defendant's Chief Executive Officer, Rony Abovitz, again about the Presentation including, without limitation, during September 2016 as alleged in Plaintiff's Complaint.  Defendant denies all other allegations stated or implied in Paragraph 23 of the Plaintiff's Complaint.

25.     In response to Paragraph 24 of Plaintiff's Complaint, Defendant admits that Defendant, through Chief Executive Officer, Rony Abovitz, and other members of Defendant's executive team, created a "female brain trust" known as the "FBT" (not the "FBI" as alleged in Plaintiff's complaint) tasked with, among other things, proactively working to maintain gender diversity among the workforce at Defendant and assisting with Defendant's product design.  The FBT evolved into one of Defendant's existing diversity initiatives, the WIN (as defined in Paragraph 16 above). Defendant denies all other allegations stated or implied in Paragraph 24 of the Plaintiff's Complaint.

26.     In response to Paragraph 25 of Plaintiff's Complaint, Defendant admits that at some meetings, the WIN made recommendations regarding product design which were noted by Defendant for consideration.  Defendant denies all other allegations stated or implied in Paragraph 25 of the Plaintiff's Complaint.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

27.     Defendant denies all allegations stated or implied in Paragraph 26 of the Plaintiff's Complaint.  Defendant announced formation of the WIN to the company.

28.     Defendant denies all allegations stated or implied in Paragraph 27 of the Plaintiff's Complaint.

29.     Defendant denies all allegations stated or implied in Paragraph 28 of the Plaintiff's Complaint.

30.     Defendant lacks the knowledge necessary to admit or deny other allegations in Paragraph 29 of Plaintiff's Complaint, since Plaintiff never reported any such incident to Defendant, despite instruction in Defendant's Employee Handbook that Plaintiff report any inappropriate remarks or conduct.

31.     In response to Paragraph 30 of Plaintiff's Complaint, Defendant admits that the heroes and lead characters in the game referenced by Plaintiff, "Dr. G.," are neither female nor male, but are, instead, non-gendered robots.  Defendant denies that there is any "busty woman," any "groveling woman," or any "woman on her knees," anywhere in the Dr. G game and further denies that any such character is in any other game or media created by Defendant. Rather, the materials described in Plaintiff's Complaint are (i) owned by third parties, (ii) commercially available for purchase, (iii) satiric and "PG" in nature, and (iv) similar to works found in comic books, graphic novels and the "Sci-Fi" culture in general. Defendant further denies that any game or media created by Defendant is misogynistic and further denies that Plaintiff ever complained that any game created by Defendant was misogynistic, at any time through the date of her termination, despite instruction in Defendant's Employee Handbook that Plaintiff report any inappropriate remarks or conduct.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

32.     In response to Paragraph 31 of Plaintiff's Complaint, Defendant admits that an employee sent a notice advising that his wife was starting a social group for spouses of Defendant's employees, who may have recently relocated and were feeling displaced or needed information about the South Florida area.  Defendant denies all other allegations stated or implied in Paragraph 31 of Plaintiff's Complaint.

33.     In response to Paragraph 32 of Plaintiff's Complaint, Defendant admits that an IT employee, who was sent to explain logging on procedures to new employees, made an inappropriate comment during discussion with new employees after orientation.   Defendant denies all other allegations stated or implied in Paragraph 32 of Plaintiff's Complaint.

34.     In response to Paragraph 33 of Plaintiff's Complaint, Defendant admits that the incident was reported to the Human Resources Department, as contemplated by the Defendant's Employee Handbook, and that Defendant promptly investigated the incident and then sanctioned the IT employee, remediating the situation and ensuring that the employee never again made any inappropriate comment or engaged in improper conduct.  Defendant denies all other allegations stated or implied in Paragraph 33 of Plaintiff's Complaint.

35.     In response to Paragraph 34 of the Plaintiff's Complaint, Defendant admits that Defendant's Senior Vice President and XO, Henk Vlietstra, and Plaintiff spoke about the IT employee and Mr. Vlietstra told Plaintiff that the employee had been disciplined and would not be involved with future employee orientations.  Defendant further admits that Mr. Vlietstra stated that the employee had never exhibited inappropriate conduct before, expressed deep and sincere remorse, and had committed to never making inappropriate remarks or exhibiting inappropriate conduct again.  Thus, the Defendant remediated the situation. Defendant denies all other allegations stated or implied in Paragraph 34 of Plaintiff's Complaint.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

36.     Defendant denies the allegations stated or implied in Paragraph 35 of Plaintiff's Complaint.

37.     Defendant denies the allegations stated or implied in Paragraph 36 of Plaintiff's Complaint.

38.     In response to Paragraph 37 of Plaintiff's Complaint, Defendant admits that its Chief Financial Officer, Scott Henry, participated in a telephone conference with Defendant's then advertising agency, to discuss ways to alleviate any consumer concerns about the aesthetics of Defendant's products, and that meeting included the participation of Plaintiff and Tina Tuli (then Head of Marketing Analytics and Operations, since promoted to Vice President of Marketing Strategy and Operations).   Defendant denies that Mr. Henry made the statements alleged by Plaintiff in Paragraph 37 of Plaintiff's Complaint.   Plaintiff never reported any such incident to Defendant despite instruction in Defendant's Employee Handbook that Plaintiff report any inappropriate remarks or conduct.   Defendant denies all other allegations stated or implied in Paragraph 37 of Plaintiff's Complaint.

39.     Defendant lacks the knowledge necessary to admit or deny other allegations in Paragraph 38 of Plaintiff's Complaint, since Plaintiff never reported any such incident to Defendant despite instruction in Defendant's Employee Handbook that Plaintiff report any inappropriate remarks or conduct.

40.     Defendant lacks the knowledge necessary to admit or deny other allegations in Paragraph 39 of Plaintiff's Complaint, since Plaintiff never reported any such incident to Defendant despite instruction in Defendant's Employee Handbook that Plaintiff report any inappropriate remarks or conduct.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

41.     Defendant denies the allegations stated or implied in Paragraph 40 of Plaintiff's Complaint.   Defendant continues to place women in leadership positions, and to grant them autonomy and authority to operate the departments they oversee, without undue interference.

42.     Defendant denies the allegations stated or implied in Paragraph 41 of Plaintiff's Complaint.   Defendant hires qualified engineers, both male and female, to work on Defendant's products.   In addition, Defendant denies and rejects the sexist inference that certain jobs are "harder" or "softer" than others.

43.     Defendant denies the allegations stated or implied in Paragraph 42 of Plaintiff's Complaint.   Contributions and suggestions are actively solicited from all employees, both male and female and, indeed, the WIN was created, in part, to assist Defendant with product design.

44.     Defendant denies the allegations stated or implied in Paragraph 43 of Plaintiff's Complaint.   Defendant's female employees participate regularly in work and social events on equal footing with Defendant's male employees.

45.     Defendant denies the allegations stated or implied in Paragraph 44 of Plaintiff's Complaint.   Defendant's employees, regardless of gender, receive mentoring and are encouraged to grow within the company.

46.     Defendant denies the allegations stated or implied in Paragraph 45 of Plaintiff's Complaint.   Defendant values the contributions of all of its employees, regardless of gender or membership in any other protected category.

47.     In response to Paragraph 46 of the Plaintiff's Complaint, Defendant states that in September 2016, Defendant terminated the employment of Brian Wallace, Defendant's Chief Marketing Officer and Plaintiff's supervisor.   Defendant admits that, in contradiction to Defendant's policies and standard operating procedures, Mr. Wallace did not conduct formal

evaluations of Plaintiff's performance and that Mr. Wallace allowed Plaintiff to forego formal evaluations of the performance of employees that she supervised.  Defendant admits that in late September and early October 2016, Plaintiff, Defendant's Chief Executive Officer, Rony Abovitz, and Defendant's Senior Vice President and XO, Henk Vlietstra, met and that it was decided that Plaintiff would be promoted to Vice President of Strategic Marketing and Brand Identity and that she would receive a raise in connection with such promotion.  Defendant admits that Plaintiff, Mr. Abovitz and Mr. Vlietstra briefly discussed Plaintiff's duties and general workforce issues. Defendant denies all other allegations stated or implied in Paragraph 46 of Plaintiff's Complaint.

48.     In response to Paragraph 47 of the Plaintiff's Complaint, Defendant admits that in late September and early October 2016, Plaintiff, Defendant's Chief Executive Officer, Rony Abovitz, and Defendant's Senior Vice President and XO, Henk Vlietstra, met and that it was decided that Plaintiff would be promoted to Vice President of Strategic Marketing and Brand Identity and that she would receive a raise in connection with such promotion.  Defendant admits that Plaintiff, Mr. Abovitz, and Mr. Vlietstra, briefly discussed Plaintiff's duties and general workforce issues.  Defendant denies all other allegations stated or implied in Paragraph 47 of Plaintiff's Complaint.

49.     In response to Paragraph 48 of the Plaintiff's Complaint, Defendant admits that in late September and early October 2016, Plaintiff, Defendant's Chief Executive Officer, Rony Abovitz, and Defendant's Senior Vice President and XO, Henk Vlietstra, met and that it was decided that Plaintiff would be promoted to Vice President of Strategic Marketing and Brand Identity and that she would receive a raise in connection with such promotion.  Defendant admits that Plaintiff, Mr. Abovitz, and Mr. Vlietstra, briefly discussed Plaintiff's duties and general workforce issues.  Defendant denies that Plaintiff raised for discussion the Presentation or said that

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

the Presentation was ignored.  Defendant denies all other allegations stated or implied in Paragraph 48 of Plaintiff's Complaint.

50.     In response to Paragraph 49 of the Plaintiff's Complaint, Defendant admits that in late September and early October 2016, Plaintiff, Defendant's Chief Executive Officer, Rony Abovitz, and Defendant's Senior Vice President and XO, Henk Vlietstra, met and that it was decided that Plaintiff would be promoted to Vice President of Strategic Marketing and Brand Identity and that she would receive a raise in connection with such promotion.  Defendant admits that Plaintiff, Mr. Abovitz, and Mr. Vlietstra, briefly discussed Plaintiff's duties and general workforce issues, that Plaintiff brought up the incident with the IT employee, and that Mr. Vlietstra again told her that the situation had been addressed.  Defendant denies all other allegations stated or implied in Paragraph 49 of Plaintiff's Complaint.

51.     Defendant denies the allegations stated or implied in Paragraph 50 of Plaintiff's Complaint.

52.     Defendant denies all other allegations stated or implied in Paragraph 51 of Plaintiff's Complaint.

53.     In response to Paragraph 52 of the Plaintiff's Complaint, Defendant admits that it was decided that Plaintiff would be promoted to Vice President of Strategic Marketing and Brand Identity and that she would receive a raise in connection with such promotion.  Defendant denies all other allegations stated or implied in Paragraph 52 of Plaintiff's Complaint.

54.     Defendant denies all allegations stated or implied in Paragraph 53 of Plaintiff's Complaint.

55.     In response to Paragraph 54 of the Plaintiff's Complaint, Defendant states that after it terminated the employment of its former Chief Marketing Officer, Brian Wallace, in September

2016, Defendant conducted a review of its advertising agency relationships and its marketing strategy.  Defendant admits that, as part of that review, Defendant's Chief Financial Officer, Scott Henry, asked that James Temple, with whom Mr. Henry had worked before, be present as an additional participant during a planned on-site visit by the agency team.  Defendant admits that Plaintiff was opposed to Mr. Henry's suggestion and that, ultimately, there was no on-site visit by the agency team.  Defendant denies all other allegations stated or implied in Paragraph 54 of Plaintiff's Complaint.

56.     Defendant denies all allegations stated or implied in Paragraph 55 of Plaintiff's Complaint.  Scott Henry, Defendant's Chief Financial Officer, did not accuse Plaintiff of being "emotional," "sensitive," or "feeling threatened." Plaintiff never offered any logical business reason for refusing to consider Mr. Henry's request to include Mr. Temple.  Instead, the on-site visit by the agency team never materialized.

57.     In response to Paragraph 56 of the Plaintiff's Complaint, Defendant states that after it terminated the employment of its former Chief Marketing Officer, Brian Wallace in September 2016, Defendant conducted a review of its advertising agency relationships and its marketing strategy.  Subsequently, the relationship with all advertising agencies was placed on hold, pending Defendant's hiring of a new Chief Marketing Officer.  Defendant denies all other allegations stated or implied in Paragraph 56 of Plaintiff's Complaint.

58.     Defendant denies all allegations stated or implied in Paragraph 57 of Plaintiff's Complaint.

59.     In response to Paragraph 58 of Plaintiff's Complaint, Defendant admits that in November of 2016, Defendant's Chief Executive Officer, Rony Abovitz, instructed Plaintiff to gather internal opinions of the company and the brand.  Defendant further admits that the collection

of these internal opinions was in addition to, and not the exclusion of, any external opinions that the company was seeking simultaneously. Defendant denies all other allegations stated or implied in Paragraph 58 of Plaintiff's Complaint.

60.    In response to Paragraph 59 of the Plaintiff's Complaint, Defendant admits that Plaintiff was called into a meeting with Brenda Freeman, Defendant's new Chief Marketing Officer, a representative from the Human Resources department, and others and told that she was terminated. Defendant denies all other allegations stated or implied in Paragraph 59 of Plaintiff's Complaint.

61.    In response to Paragraph 60 of the Plaintiff's complaint, Defendant admits that it offered Plaintiff severance in return for a standard separation and release agreement, and admits that Plaintiff refused severance, and returned her badge and computer prior to leaving.

62.    Defendant denies all allegations stated or implied in Paragraph 61 of Plaintiff's Complaint. Defendant provides an inclusive work environment where all executives, including all female executives, are given autonomy and authority to reorganize their groups to fit their proposed strategies for success. Further, with Plaintiff's history of other company employee's complaints of her (i) bullying tactics against other employees (both male and female, both inside and outside the marketing group); (ii) nefarious interference with other employee's (both male and female) duties to remain the "face" of the marketing group; and (iii) general behavior that countermands Defendant's adopted "gracious professional" guidelines, Plaintiff was the one "bullying" company employees and not the one being bullied.

63.    Defendant denies all allegations stated or implied in Paragraph 62 of Plaintiff's Complaint, which are clearly absurd. Plaintiff was hired to perform marketing duties, after an interview in which she expressed her agreement with Defendant's Chief Executive Officer's

position that Defendant was establishing an environment that avoided the historical legacy of "pink/blue problems" that affected other industries and companies. Further, with Plaintiff's history of other company employee's complaints about her (i) bullying tactics against other employees (both male and female, both inside and outside the marketing group); (ii) nefarious interference with other employee's (both male and female) duties to remain the "face" of the marketing group; and (iii) general behavior that countermands Defendant's adopted "gracious professional" guidelines, Plaintiff was the one "bullying" company employees and not the one being bullied.

64.     Defendant denies all allegations stated or implied in Paragraph 63 of Plaintiff's Complaint.

65.     In response to Paragraph 64 of Plaintiff's Complaint, Defendant denies all allegations stated or implied in Paragraph 64 of Plaintiff's Complaint and incorporates its responses to Paragraphs 1 through 63 above, as if fully set forth herein.

66.     In response to Paragraph 65 of Plaintiff's Complaint, Defendant denies all allegations stated or implied in Paragraph 65 of Plaintiff's Complaint and incorporates its responses to Paragraphs 1 through 64 above, as if fully set forth herein.

67.     In response to Paragraph 66 of Plaintiff's Complaint, Defendant denies all allegations stated or implied in Paragraph 66 of Plaintiff's Complaint and incorporates its responses to Paragraphs 1 through 65 above, as if fully set forth herein.

68.     Defendant denies the allegations stated or implied in Paragraph 67 of Plaintiff's Complaint.

69.     Defendant denies the allegations stated or implied in Paragraph 68 of Plaintiff's Complaint.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

70.     In response to Paragraph 69 of Plaintiff's Complaint, Defendant admits that Defendant's upper management is aware that discrimination based on sex, or any other protected category, is against the law, and further admits that Defendant has not engaged in any such discrimination.   Defendant denies all other allegations stated or implied in Paragraph 69 of Plaintiff's Complaint.

71.     In response to Paragraph 70 of Plaintiff's Complaint, Defendant denies that Plaintiff is suffering or has suffered any sex discrimination, and denies all other allegations stated or implied in Paragraph 70 of Plaintiff's Complaint.

72.     Defendant denies all allegations stated or implied in Paragraph 71 of Plaintiff's Complaint.   Defendant further denies all allegations stated or implied in the unnumbered "Wherefore" Paragraph below Paragraph 71 of Plaintiff's Complaint, including the subparts labeled "One" through "Five."

73.     In response to Paragraph 72 of Plaintiff's Complaint, Defendant incorporates its responses to Paragraphs 1 through 63 and 65 through 67 above, as if fully set forth herein.

74.     Defendant denies all allegations stated or implied in Paragraph 73 of Plaintiff's Complaint.

75.     Defendant denies the allegations stated or implied in Paragraph 74 of Plaintiff's Complaint.

76.     Defendant denies the allegations stated or implied in Paragraph 75 of Plaintiff's Complaint.

77.     Defendant denies the allegations stated or implied in Paragraph 76 of Plaintiff's Complaint.

78.     In response to Paragraph 77 of Plaintiff's Complaint, Defendant admits that Defendant's upper management is aware that retaliation for opposing illegal gender discrimination, or any unlawful discrimination, is against the law, and further admits that Defendant has not engaged in any retaliation or illegal gender discrimination including, without limitation, with respect to Plaintiff.  Defendant denies all other allegations stated or implied in Paragraph 77 of Plaintiff's Complaint.

79.     In response to Paragraph 78 of Plaintiff's Complaint, Defendant denies that Plaintiff is suffering or has suffered any retaliatory discrimination, and denies all other allegations stated or implied in Paragraph 78 of Plaintiff's Complaint.

80.     Defendant denies all allegations stated or implied in Paragraph 79 of Plaintiff's Complaint.  Defendant further denies all allegations stated or implied in the unnumbered "Wherefore" Paragraph below Paragraph 79 of Plaintiff's Complaint, including the subparts labeled "One" through "Five."

81.     In response to the Plaintiff's demand for a jury trial, Defendant denies that any issue of fact or other question for a jury exists and further denies any allegations or implications that Plaintiff is entitled to any relief from Defendant or has any valid claim against Defendant.

82.     Defendant denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim against Defendant, in part because, as a matter of law, the "facts" alleged, even if taken as true, do not create a hostile work environment.

2.      Defendant alleges that the Complaint, and each and every purported cause of action alleging a claim for punitive damages, fails to state facts sufficient to state a claim for punitive damages against Defendant.

3.      Any and all claims for punitive damages set forth in the Complaint violate the Eighth Amendment of the United States Constitution.

4.      Defendant alleges that any and all decisions made and actions taken by and/or on its behalf were made and taken in the exercise of proper managerial discretion and in good faith and for reasons unrelated to the allegations in Plaintiff's Complaint and/or claims of discrimination, hostile work environment and/or retaliation. Defendant further alleges that Plaintiff's termination was a business decision made by Defendant's new Chief Marketing Officer in connection with the reorganization of Defendant's marketing group.

5.      Any and all decisions made and actions taken by and/or on its behalf were based upon lawful, valid, non-discriminatory, non-harassing and non-retaliatory business reasons. Specifically, Plaintiff's termination was a business decision made by Defendant's new Chief Marketing Officer in connection with the reorganization of Defendant's marketing group.  While Plaintiff's position was eliminated, other employees at Defendant have also stated that Plaintiff was known at the company to (a) bully fellow employees (both male and female, inside and outside of the marketing group); (b) silo work flows and intentionally interfere with other's duties to remain the "face" of the marketing group; and (c) have generally behaved in a manner that countermands Defendant's adopted "gracious professional" guidelines and, therefore, Defendant alleges that Plaintiff did not embody all of the qualities of an exemplary "Leaper."

6.      Any and all acts, conduct or statements by and/or attributed to Defendant were justified, undertaken in good faith and/or privileged.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

7.      Defendant alleges that any decisions made with respect to Plaintiff's employment were justified based upon proper exercise of judgment regarding individual performance, qualifications, skills, effort, responsibility, merit or other *bona fide* occupational qualifications. Specifically, Plaintiff's termination was a business decision made by Defendant's new Chief Marketing Officer in connection with the reorganization of Defendant's marketing group.  While Plaintiff's position was eliminated, many employees at Defendant have also stated that Plaintiff was known at the company to  (a) bully fellow employees (both male and female, inside and outside of the marketing group); (b) silo work flows and intentionally interfere with other's duties to remain the "face" of the marketing group; and (c) have generally behaved in a manner that countermands Defendant's adopted "gracious professional" guidelines and, therefore, Defendant alleges that Plaintiff did not embody all of the qualities of an exemplary "Leaper."

8.      If Plaintiff suffered any emotional, mental and/or physical injury, which Defendant denies, the emotional, mental and/or physical injury was proximately caused, in whole or in part, by the acts and/or omissions of persons and/or entities other than Defendant, including the acts and omissions of Plaintiff herself.  Plaintiff's history of other company employee's complaints about her (i) bullying tactics against other employees (both male and female, both inside and outside the marketing group); (ii) nefarious interference with other employee's (both male and female) duties to remain the "face" of the marketing group; and (iii) general behavior that countermands Defendant's adopted "gracious professional" guidelines, Defendant alleges that Plaintiff was the one "bullying" company employees and not the one being bullied.

9.      If Plaintiff suffered any damages, which Defendant denies, any damages otherwise recoverable are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate her claimed damages.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

10.     Defendant alleges that the Plaintiff's Complaint, and each and every purported cause of action contained therein, cannot be maintained against it because, at all relevant times, it acted in accordance with its responsibilities under all applicable laws and has not engaged in any willful and/or negligent conduct with respect to Plaintiff.

11.     Defendant alleges that Plaintiff is barred by the doctrines of unclean hands, waiver, estoppel and/or laches from maintaining her claims in this action, because, without limitation, Plaintiff was frequently abusive, caustic, and scornful with coworkers.  With Plaintiff's history of other company employee's complaints about her (i) bullying tactics against other employees (both male and female, both inside and outside the marketing group); (ii) nefarious interference with other employee's (both male and female) duties to remain the "face" of the marketing group; and (iii) general behavior that countermands Defendant's adopted "gracious professional" guidelines, Defendant alleges that Plaintiff was the one "bullying" company employees and not the one being bullied.

12.     Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to pursue administrative remedies or comply with necessary preconditions to bringing suit, since Plaintiff, in her complaint, makes allegations relating to conduct and incidents that occurred more than 300 days before she filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

13.     Defendant alleges that Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, and any conduct or incidents that occurred more than 300 days before she filed a Charge of Discrimination with the Equal Employment Opportunity Commission cannot serve as a basis for any claim in this litigation.

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

14.     Defendant alleges that reasonable care was exercised to prevent and correct promptly any purportedly harassing or retaliatory conduct with regard to Plaintiff.  Accordingly, any and all claims for harassment and/or retaliation that Plaintiff asserts are barred.

15.     Defendant alleges that it had, at all relevant times, an anti-harassment/retaliation policy and complaint procedure in place.  Plaintiff repeatedly failed to avail herself of the internal procedures for complaints of harassment and/or retaliation and remedial measures taken or that could have been taken with respect to the alleged harassment and/or retaliation, all of which were known to Plaintiff.  Accordingly, any and all claims for harassment and/or retaliation that Plaintiff asserts are barred.

16.     Defendant alleges that no causal connection exists between any purported claims of discrimination, harassment and/or retaliation and any adverse employment action allegedly suffered by Plaintiff, including Plaintiff's termination, which was a business decision made by Defendant's new Chief Marketing Officer in connection with the reorganization of Defendant's marketing group.

17.     Defendant alleges that, if any acts taken by Defendant's officers, managers and/or employees, or any of them, are deemed to be wrongful or unlawful, which Defendant denies, such acts were committed outside the course and scope of such persons' employment, agency and/or authority to act on behalf of Defendant; such acts were not authorized, adopted, condoned or ratified by it; it did not have notice or knowledge of such conduct; nor did it have any advance knowledge of the alleged unfitness of any of its officers, managers and/or employees or continue to employ them thereafter in conscious disregard of the rights or safety of others.

18.     Defendant alleges, on the belief that further investigation and discovery will disclose facts supporting such an allegation, that after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on her claims, if any.

19.     Defendant alleges that, if any damages or injuries were, in fact, suffered by Plaintiff, such damages or injuries must be reduced or diminished by amounts received or receivable by her in the exercise of reasonable diligence as income or in lieu of earned income or as benefits.

20.     Defendant alleges that it is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any wages, reimbursements, and other benefits to which she was not entitled and/or did not earn.

21.     Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, because of her failure to perform necessary conditions precedent, concurrent or subsequent.

22.     Defendant alleges that the Complaint, and each cause of action contained therein, cannot be maintained against Defendant because the alleged conduct about which Plaintiff complains was not severe or pervasive such that it created a hostile work environment.

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery, and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that costs and attorney fees be taxed against Plaintiff and in favor of Defendant, and that all other appropriate relief in favor of Defendant, and against Plaintiff, be granted.

Respectfully submitted this 16th day of March, 2017.

_s/ Jose I. Leon_____
Jose I. Leon, FBN 958212
JLeon@gordonrees.com
Robin Taylor Symons, FBN 356832
RSymons@gordonrees.com
GORDON & REES SCULLY
MANSUKHANI
100 SE Second Street, Suite 3900
Miami, FL 33131
MIA_Eservice@gordonrees.com
Telephone:  305-428-5322
Facsimile:  877-644-6209
*Counsel for Defendant Magic Leap, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record on the Service List below.

*s/ Jose I. Leon*_____
Jose I. Leon, Esq.

**<u>SERVICE LIST</u>**
Karen Coolman Amlong, Esq.
KAmlong@TheAmlongFirm.com
William R. Amlong, Esq.
WRAmlong@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, FL 33301-1154
Telephone:  954-462-1983
Facsimile:  954-523-3192
***Counsel for Plaintiff***